IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Russell L. Williams,                      Case No. 3:08 CV 1774

            Plaintiff,           MEMORANDUM OPINION
                                    AND ORDER
-vs-
                                    JUDGE JACK ZOUHARY
Commissioner of Social Security,

            Defendant.

## INTRODUCTION

Plaintiff Russell Williams filed a Complaint (Doc. No. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny disability insurance benefits (DIB) pursuant to 42 U.S.C. § 405(g). This case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). Following briefs on the merits from both parties, the Magistrate recommended that the Commissioner's decision be affirmed (Doc. No. 27).

This matter is before this Court on Plaintiff's Objection to the Report and Recommendation (Doc. No. 28). That Objection lacks supporting legal authorities. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) and (C), this Court has made a de novo determination of the Magistrate's findings. For the reasons set forth below, this Court adopts the Magistrate's recommendation to affirm the Commissioner's decision.

## BACKGROUND

On November 6, 2004, Plaintiff filed an application alleging that he had been disabled since September 29, 2002. His application was denied both initially and upon reconsideration. A hearing before ALJ Thomas Pilero was held on August 30, 2006. Plaintiff appeared and participated in the hearing without counsel. Vocational Expert (VE) W. Bruce Walsh, Ph.D., and Medical Expert Jeffery Madden, Ph.D., were present and testified. The ALJ determined that Plaintiff was not disabled. The Appeals Council initially denied Plaintiff's request for review of the ALJ's decision, but then reversed itself and considered additional evidence provided by Plaintiff. The Council then again denied Plaintiff's request for review. Plaintiff filed a timely action in this Court seeking judicial review of the Commissioner's denial of DIB.

Plaintiff does not object to the factual and procedural background in the Magistrate's R&R (Doc. No. 27, pp 1-10). The Court finds they are accurate and adopts them in their entirety.

## STANDARD OF REVIEW

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance

of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).

## DISCUSSION

Plaintiff offers two objections to the Magistrate's R&R. First, Plaintiff argues the ALJ erred in relying on Madden's opinion. Second, Plaintiff argues the ALJ erred in finding that Plaintiff had been fully advised of his right to legal counsel, that he waived that right, and that no due process violation had occurred.

**Weight of medical opinions**

Plaintiff objects to the ALJ's use of Madden's testimony that claimant did not have a severe mental impairment for purposes of DIB, arguing that Madden did not satisfy the relevant factors entitling a medical opinion to significant weight. This error was particularly egregious, argues Plaintiff, because two treating physicians -- the doctors most familiar with his condition -- contradicted Madden's opinion. This Court agrees with the Magistrate that the ALJ's treatment of the various medical opinions was supported by substantial evidence.

In determining the weight to be given to an opinion, the ALJ must consider certain factors. *Bowen v. Commissioner of Soc. Sec.*, 478 F.3d 742, 747 (6th Cir. 2007) (*citing Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004)). Specifically, the ALJ must consider "(1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, and (5) the specialization of the treating source." *Id.* (*citing* 20 C.F.R. § 404.1527(d)).

In determining whether claimant is disabled, the ALJ reviews "all of the medical findings and other evidence that support a medical source's statement." 20 C.F.R. § 404.1527(e)(1).

Generally, the medical opinions of treating physicians are accorded greater deference than non-treating physicians. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 1996). A treating physician's opinion is given "controlling weight" if supported by "medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record." *Id.* If not given controlling weight, there is a rebuttable presumption that the treating physician's opinion is accorded deference, *see id.*, and it should be assessed under the five factors described above. The ALJ must give "good reasons" for the weight it gives a treating physician's opinion. *Id.*

In this case, Madden testified, based on Plaintiff's medical records, that Plaintiff suffered from cognitive disorder, dysthymic disorder, and substance abuse, but that his impairments were generally "moderate" (Tr. 18). The ALJ summarized Madden's testimony:

> [Claimant] had marked limitation in concentration, persistence or pace, but only when abusing substances . . . [Claimant] was moderately limited in his ability to understand, remember, and carry out detailed instructions . . . and to respond appropriately to change in the work setting . . . [Claimant] had no limitations in his ability to perform very short and simple instructions, sustain an ordinary routine without special supervision, maintain attention and concentration for extended periods, relate to others, and make simple work-related decisions.

Plaintiff argues that the ALJ should not have accepted this testimony because Madden did not have sufficient time to consider the most recent neurological test results, which Plaintiff handed him at the hearing itself (Tr. 487-88). However, Madden did have time to review a significant portion of the record, and his opinion is consistent with much of the medical evidence. For instance, Drs. Virgil and Haskins examined Plaintiff in 2004 and concluded that he was capable of working in an

4

environment with minimal social interaction demands (Tr. 403, 425). Drs. Alfano and Sours examined Plaintiff in 2006 and concluded his mental impairments were "moderate" (Tr. 434, 442). Clearly, there was substantial evidence supporting Madden's opinion and the ALJ's legal conclusion based on that opinion.

Plaintiff contends that the deficiency in Madden's opinion is highlighted by the contradictory opinions of his two treating physicians, Drs. Hall and Hartman. Plaintiff argues these opinions are owed deference under the treating physician rule. However, the ALJ did not discount Dr. Hall's opinion, which is generally consistent with the ultimate conclusions of the ALJ. Dr. Hall opined that "[Plaintiff] will need considerable accommodations in a work environment" (Tr. 456). The ALJ concluded that Plaintiff did suffer from severe impairments and that he was "moderately limited" in his ability to "to perform detailed instructions" and "respond appropriately to change in the work setting" (Tr. 23).

Dr. Hartman's conclusion that Plaintiff is disabled and unable to work for the foreseeable future is indeed contrary to Madden's opinion and the ALJ's conclusion (Tr. 427). However, the ALJ gave specific, well-founded reasons for discounting Dr. Hartman's opinion -- finding it "quite conclusory" and "inconsistent with the greater weight of the evidence" (Tr. 20). Dr. Hartman's opinion consisted of a short statement that "[i]n my opinion [Plaintiff] is disabled and unable to work for the foreseeable future because of his psychiatric conditions" (Tr. 427). It provided no explanation as to how or why Plaintiff's mental conditions caused Plaintiff's inability to work. It was therefore reasonable for the ALJ to determine that Dr. Hartman's opinion was inconsistent with the greater weight of the evidence. *See Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 287 (6th Cir. 1994)

("An ALJ may reasonably refuse to credit a treating psychiatrist's opinion when that opinion is conclusory and inconsistent with the other medical evidence of record.")

**Waiver of right to counsel**

Plaintiff also objects to the Magistrate's finding that the ALJ fully advised Plaintiff of his right to legal counsel and that Plaintiff effectively waived that right. Plaintiff argues that he was unaware of his right to obtain counsel, or that representation was advisable. Plaintiff argues this error was prejudicial because counsel would have assisted in making arguments, preparing defenses, cross-examining witnesses and obtaining medical records.

A claimant may waive his statutory right to counsel at the administrative hearing. *Lashley v. Sec'y of Health and Hum. Servs.*, 708 F.2d 1048, 1052 (6th Cir. 1983) (*citing* 20 C.F.R. § 404.971). The Sixth Circuit does not appear to have articulated a precise standard for evaluating the sufficiency of waiver in the ALJ hearing context. *See Hisel v. Astrue*, No. 08-244, 2009 U.S. Dist. LEXIS 34003, at *6 (E.D. Ky. Apr. 22, 2009). However, such waiver must at least be knowing and intelligent, which requires adequate notice of the right. *See Smith v. Schweiker*, 677 F.2d 826, 828 (11th Cir. 1982).

Where a claimant is potentially suffering from a mental illness, an ALJ should carefully explain to the claimant the role of an attorney and how one may be helpful. *Smith v. Sec'y of Health, Educ., and Welfare*, 587 F.2d 857, 860 (7th Cir. 1978); *see also Rietsema v. Sec'y of Health and Hum. Servs.*, 774 F.2d 1163 (6th Cir. 1985) (unpublished table decision).

The ALJ has a heightened obligation to fully and fairly develop the record when a claimant is not represented by counsel. *Lashley*, 708 F.2d at 1051-52. This special duty requires the ALJ to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts." *Id.* at 1052 (*citing Gold v. Sec'y of Health, Educ. and Welfare*, 463 F.2d 38, 43 (2nd Cir. 1972)).

However, in order to justify remand, a claimant must demonstrate prejudice before the absence of counsel will render a hearing unfair. *Duncan v. Sec'y of Health and Hum. Servs.*, 801 F.2d 847, 855 (6th Cir. 1986).

Plaintiff did receive a Notice of Hearing that included a standard advisory that Plaintiff was entitled to legal counsel (Tr. 27-28). However, Plaintiff's testimony to the ALJ suggests a lack of comprehension that he was entitled to counsel, as shown by the following exchange:

| | |
|---|---|
| ALJ: | Did you attempt to get a lawyer, Mr. Williams? |
| CLMT: | No, sir, I haven't |
| ALJ: | Why not? |
| CLMT: | I didn't think I needed one. |
| ALJ: | Why did you think that? I mean when you have a problem you go to the doctor, if you have a physical or mental problem, right? |
| CLMT: | Right |
| ALJ: | Why did you think you didn't need a lawyer for a legal problem? |
| CLMT: | I didn't, I didn't look at it as a legal problem, I look at it as a mental problem. |

The ALJ then stated that the hearing would be informal, and that there would be no strict application of the rules of evidence. The ALJ also stated, "If there's anything that you don't hear or don't understand, let me know, okay?" to which Plaintiff replied, "Okay" (Tr. 460).

This Court finds that the ALJ's brief colloquy with Plaintiff, under the circumstances of this case where Plaintiff suffered from a cognitive disorder, was insufficient to establish a knowing waiver of counsel. Plaintiff, a high school graduate who could read and write but was of low average intelligence, apparently came to the hearing unaware of the need for legal counsel. The ALJ should have further explored if Plaintiff was aware of the role of legal counsel or how legal counsel could assist. And the ALJ should have had a more extended inquiry to determine if Plaintiff wished more

7

time to consult with a lawyer or to proceed without one. Thus, this Court disagrees with the Magistrate's conclusion that Plaintiff waived his right to counsel.

Nevertheless, the ALJ provided a full and fair hearing, and Plaintiff has not demonstrated prejudice from lack of counsel. Although "there is no bright line test for determining when the administrative law judge has . . . failed to fully develop the record," *Lashley*, 708 F.2d at 1052, the record shows that the ALJ's questioning of the witnesses, including Plaintiff himself, was appropriate and thorough. Plaintiff's responses to the ALJ appear cogent and relevant, and it is clear that Plaintiff understood the nature of the hearing. The ALJ also gave Plaintiff opportunity to ask questions of both expert witnesses, and Plaintiff did ask Madden several cogent questions (Tr. 492-494). At only one point in the hearing -- after the VE's testimony -- did Plaintiff indicate a lack of understanding, and the ALJ took care to explain to him the VE's testimony (Tr. 496-97). Plaintiff then said "okay" (Tr. 497).

Moreover, the ALJ's opinion took into account the opinions of various medical professionals in determining the disability status of Plaintiff. The decision was supported by substantial evidence, and, importantly, Plaintiff has not shown that presence of counsel would have generated any new evidence or any different result. *Cf. Webb v. Finch*, 431 F.2d 1179, 1179-80 (6th Cir. 1970) (remanding a case for further development of the record where claimant was of limited education and "there [was] additional evidence of the disability of [the claimant] which was not presented to or considered by the hearing examiners"). In sum, even though Plaintiff may not have knowingly waived his right to counsel, the error was not prejudicial.

8

**CONCLUSION**

For the foregoing reasons, this Court adopts the conclusion of the Magistrate's R&R and affirms the Commissioner's denial of DIB.

IT IS SO ORDERED.

                                                               s/ *Jack Zouhary*
                                                               JACK ZOUHARY
                                                               U. S. DISTRICT JUDGE

                                                               September 30, 2009